UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI HIZAMI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ELI HIZAMI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP against Defendant DIVERSIFIED CONSULTANTS, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of numerous federal and state laws.

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA,", which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a debt collection agency with its principal place of business located in the State of FLORIDA.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New York consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 15, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Verizon Wireless ("Alleged Creditor"); and (b) the collection letter was not returned by the postal service

as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, et seq.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO ELI HIZAMI

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to September 15, 2017, an obligation was allegedly incurred by Plaintiff to Alleged Creditor.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. At a time known only to Defendant, Alleged Creditor, directly or through an intermediary, contracted Defendant to collect on an alleged debt owned by Alleged Creditor.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on September 15, 2017 (hereinafter the "letter" or "correspondence"). A copy of the correspondence is attached herein as **Exhibit A.**

20. Defendant's letter stated the following:

Current Balance: $489.59

| | |
|---|---|
| Total Debt Due As of Charge-Off: | $414.91 |
| Total Interest Accrued Since Charge-Off: | N/A |
| Total Non-Interest Charges or Fees Since Charge-Off: | $74.68 |
| Total Payments Made On the Debt Since Charge-Off: | N/A |

5

21. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. As set forth in the following Counts, Defendant's communication violated numerous state and federal laws.

### COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692e and 1692f *et seq.*

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

25. The notification and collection of the $74.68 fee is unlawful (the "Fee").

26. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging and/or attempting to charge Plaintiff an amount in excess of what was actually owed in the guise of a fee.

29. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a fee in its letter in violation of the FDCPA.

30. Specifically, at the time Defendant sent the September 15, 2017 letter, Plaintiff did not owe the Alleged Creditor a Fee in the amount of $74.68.

31. Defendant's Fee demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive

6

compensation that was not authorized by contract or permitted by law.

32. Defendant collected, or attempted to collect, an unauthorized Fee from consumers, as illustrated on Exhibit A, to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

33. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. §§ 1692e and 1692f *et seq.*

35. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and neither Defendant nor the Alleged Creditor may avoid a claim of falsity or deception based on any non-enumerated practice.

38. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

39. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40. Defendant's correspondence may be interpreted by the least sophisticated consumer in to

7

or more deceptive ways.

41. Said consumer may interpret the letter as charging the Fee, which it is not permitted to charge.

42. The least sophisticated consumer would interpret the demand letter to be deceptive.

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### Count III
### 15 U.S.C. §1692g
### Failure to Adequately Convey the Amount of the Debt

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

46. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

47. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

48. Defendant's letter stated the following:

Current Balance: $489.59

| | |
|---|---|
| Total Debt Due As of Charge-Off: | $414.91 |
| Total Interest Accrued Since Charge-Off: | N/A |
| Total Non-Interest Charges or Fees Since Charge-Off: | $74.68 |
| Total Payments Made On the Debt Since Charge-Off: | N/A |

49. Defendant's letter further fails to explain what the Fee was and how it affects the balance due.

50. Further, the letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC,* 817 F.3d 72. 76 (2d Cir. 2016).

51. The letter fails to include the "safe harbor" language concerning the accrual of interest and/or fees as set forth in *Jones v. Midland Funding, LLC,* 755 F. Supp. 2d 393, 398 (D. Conn. 2010), *adhered to on reconsideration,* No. 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr.11, 2012).

52. The letter fails to advise Plaintiff of the amount of potential interest charges that may accrue.

53. The letter fails to advise Plaintiff of the amount of the Fee, other potential fees or other charges.

54. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per day.

55. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per week.

56. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase per month.

57. The letter fails to advise Plaintiff of the amount of money the balance as of the date of the letter will increase in any measurable period.

58. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

59. The least sophisticated consumer could reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of fees, interest, or other charges.

60. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable fee.

61. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible fees.

62. For these reasons, Defendant failed to clearly state the amount of the debts.

63. For these reasons, Defendant failed to unambiguously state the amount of the debts.

64. The least sophisticated consumer would be confused as to how she could satisfy the debt.

65. The least sophisticated consumer will be confused as to what he actually owes.

66. For these reasons, the letters would likely make the least sophisticated consumer uncertain as to the amount of the debt.

67. For these reasons, the letters would likely make the least sophisticated consumer confused as to the amount of the debt.

68. Defendant violated 15 U.S.C. § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of debt.

## Count IV
### Violation of 15 U.S.C. §§ 1692e
### False or Misleading Representations

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

71. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

72. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

73. As previously alleged, the least sophisticated consumer could reasonably read the letter to mean that the amount due was static.

74. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the amount due was dynamic due to the continued accumulation of charges and interest.

75. Because the letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

76. Because the letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

77. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

78. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

  (b)  certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

  (b)  Awarding Plaintiff and the Class statutory damages;

  (c)  Awarding Plaintiff and the Class actual damages;

  (d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e)  Awarding pre-judgment interest and post-judgment interest; and

  (f)  Enjoining Defendant from future collection activity that would lead to violations of the aforementioned violations of state and federal law, including use of the form letter as portrayed in Exhibit A;

  (g)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 2, 2018

                    Respectfully submitted,

                    By: /s/ Salim Katach
                    Salim Katach, Esq. (SK0924)
                    Varacalli & Hamra, LLP
                    32 Broadway, Suite 1818
                    New York, New York 10004
                    Phone:  (646) 590-0571
                    *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                    */s/ Salim Katach*
                    Salim Katach, Esq. (SK0924)

Dated: January 2, 2018